IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

    Respondent,

V.                                      CRIMINAL NO. 3:06-00143
                                          (CIVIL ACTION NO. 3:09-0304)

BILL GREEN,

    Movant.

## FINDINGS AND RECOMMENDATION

In November of 2006, Bill Green was convicted by jury on each of two counts of an indictment in which he was charged with distributing more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). In March of 2007, he was sentenced by the Court to concurrent terms of imprisonment of 151 months to be followed by eight years supervised release.[1] His conviction was affirmed on appeal. Thereafter, Green filed a motion under the provisions of 28 U.S.C. § 2255. In his motion Green asserts that the Court erroneously enhanced his sentence under the provisions of 21 U.S.C. § 851 and that his attorney provided constitutionally ineffective assistance by reason of his failure to object.

---

[1] In May of 2008, Green's sentence was reduced to 121 months following amendments to the Sentencing Guidelines reducing the sentencing range for cocaine base and making the amendment retroactive.

In this case movant was charged with and convicted of distributing five grams or more of cocaine base on June 19, 2003 and August 12, 2003. Prior to trial the United States filed an information under the provisions of 21 U.S.C. § 851 stating that movant had been convicted of a felony drug offense in the Circuit Court of Cabell County in March of 2005 and that the United States would rely on the conviction in seeking enhanced penalties under § 841(b) in the event he was convicted. At sentencing, the Court inquired whether defendant contested "the prior conviction in any sense" and upon being informed that he did not proceeded to sentence him in accordance with the provisions of § 841(b)(1)(B), with its mandatory minimum sentence of ten years and eight year term of supervised release.

In his motion Green points out that, while § 841(b)(1)(B) contemplates an enhancement for "violations" committed "after a prior conviction for a felony drug offense," he was convicted in this court for "violations" occurring in 2003 and the state felony drug conviction relied on by the United States – which involved an incident occurring in February of 2004 – was in March of 2005. Though asserting that movant was not prejudiced by the length of the sentence, since the term of imprisonment imposed by the Court was thirty-one months[2] longer than the mandatory minimum sentence of 120 months,[3] the United States has conceded the validity of movant's position, recognizing that he was "prejudiced to the extent that the § 851 information caused the district court to double his term of supervised release." As a consequence, the United States "does not oppose defendant's motion."

---

[2] The 151 month sentence was at the bottom of the guideline range.

[3] Taking into account only the amount of cocaine base attributable to Green and a criminal history category of III, his guideline range of imprisonment was 151 to 180 months.

## **RECOMMENDATION**

On the basis of the preceding, and in light of the fact that the United States does not oppose the motion, it is **RESPECTFULLY RECOMMENDED** that counsel be appointed for Bill Green and that he be brought before the court for re-sentencing.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing Section 2255 Cases, the parties may, within fourteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will made a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in the waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file this Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED:   February 11, 2010

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE